UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| United Steelworkers of America, et al., | ] ] ] | |
| Plaintiffs, | ] ] | CV-03-CO-1163-W |
| vs. | ] ] | |
| Koppers Industries, Inc., et al., | ] ] ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

FILED
03 SEP 16 PM 3:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 1 6 2003

I.  INTRODUCTION.

The court has for consideration defendants' Motion for Partial Dismissal/Motion to Stay Claims, filed July 3, 2003. (Doc. # 18). The issues have been briefed by the parties and are now ripe for decision. Upon due consideration, the motion will be granted.

II. FACTS.

Koppers Industries, Inc., (hereinafter "Koppers") operated a plant known as the "Woodward facility" until it closed in 1998. The United Steelworkers of America (hereinafter "USWA") represented certain employees working at the Woodward facility. There was a series of collective bargaining agreements between Koppers and the USWA that governed the terms of employment at the Woodward facility. The final collective bargaining agreement ("CBA") was executed in 1993 with an expiration date of September 13, 1997.

The individual plaintiffs (hereinafter "individuals") are retirees from the plant who seek to represent a class of similarly situated individuals.

In their complaint, the plaintiffs set out five counts against the defendants. In Count I, the USWA alleges the breach of a provision of the CBA that ". . . provided retirees with health insurance coverage until Medicare became available." Paragraph 32 of Compl. [Doc. # 1]. This claim is made pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs contend that the defendants agreed not to charge retirees a premium for health insurance coverage and that the defendants breached the agreement by unilaterally imposing a premium. Defendants contend that the claim contained in Count I should have been arbitrated under the arbitration provisions of the CBA.

Both the individuals and the USWA assert claims in Counts II through V pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Defendants argue that the USWA lacks standing to join in Counts II through V and thus should be dismissed. USWA has no objection to being dismissed from Counts II through V. Pls.' Resp. to Defs.' Mot. to Dismiss, n. 1, [Doc. # 22].

Defendants further seek to have this court stay the proceedings as to Counts II through V pending a resolution of the arbitration of the issues raised in Count I.

III. DISCUSSION.

The first issue presented to this court for determination is whether the dispute concerning the payment of insurance premiums, as set out in Count I, should be decided by arbitration. Defendants point to the provisions contained in Article 11 of the CBA. The defendants assert that the agreement makes it clear through its broad language that a question of the interpretation of the CBA is to be decided by the procedure set out in paragraphs 11.4 through 11.6 of the CBA. Plaintiffs counter that the dispute resolution provisions, contained in the Health Partners of Alabama, Inc., Certificate of Coverage Addendum (dated 3/99) entitled "Members Complaint Procedure," exempt the USWA from having to submit to the dispute resolution provisions of Article 11 of the CBA.

The CBA expired by its terms in 1997; however, the obligation to arbitrate can extend beyond the termination of the agreement containing the arbitration provision. *See eg. Montgomery Mailers' Union No. 127 v. Advertiser Co.*, 827 F.2d 709 (11th Cir. 1987). The arbitration provision will continue to be effective if it ". . . involve[s] rights which accrued or vested under the Agreement, or rights which carried over after expiration of the Agreement, not as legally imposed terms and conditions of employment but as continuing obligations under the contract." *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 209 (1991). The

rights alleged by Plaintiffs accrued and vested, if at all, under the CBA and therefore the obligation to arbitrate, if it ever existed, continues.

ERISA does not render a mandatory dispute resolution provision contained in the CBA unenforceable. See eg. *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985). Instead, ". . . there is a presumption of arbitrability 'in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *A T & T Technologies, Inc., v. Communication Workers* of *America*, 475 U.S. 643, 650 (1986)(quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)). "[A]bsent 'any express provision excluding a particular grievance from arbitration,' or 'the most forceful evidence of a purpose to exclude the claim from arbitration,' the grievances are subject to arbitration." *United Steelworkers of America v. Commonwealth Aluminum*, 162 F.3d 447, 451 (6th Cir. 1998) *(quoting Warrior & Gulf Navigation, Co.*, 363 U.S. at 584-85.

Plaintiffs point to paragraph 16.10 of the CBA as an "express provision" or "forceful evidence" of the intention of the parties to exclude the claims of this suit from arbitration. Article 16 of the CBA is titled "Insurance & Welfare." It contains provisions one would expect to find under such a heading. Paragraph 16.10 of

the CBA states the following: "All other policy provisions not enumerated herein shall be covered by the policy becoming effective the date of this agreement." According to the CBA there were two policies in effect on the date of the CBA, one was Health Partners of Alabama and the other was Complete Health, Inc. CBA paragraph 16.5. There is nothing presented to this court to evidence the dispute resolution provisions, if any, that were contained in either of those two plans.

Assuming, however, that the same or a similar provision was contained in the two listed plans as that contained in the Health Partners of Alabama, Inc., plan, it is not sufficient to exclude the claims of this complaint from the effect of the broad arbitration provision contained in the CBA. The dispute resolution provisions contained in the Health Partners of Alabama, Inc., plan are clearly meant for disputes such as coverage issues and issues concerning the payment of medical treatment claims, not a dispute over who pays what part of the medical insurance premium. Coverage issues and payment of medical treatment claims (so long as Koppers contracted for medical coverage specified in the CBA) are governed by the terms of the health insurance plan itself. The obligation of Koppers to arrange such coverage was created by and is governed by the terms of the CBA, not the health insurance plan. At a minimum, the required evidence of clear intent to exclude the

issues raised in Count I from the broad dispute resolution provisions of the CBA is nonexistent.

In support of its position, the plaintiffs cite this court to the unpublished opinion of Judge Sharon Blackburn in the case of *United Steelworkers of America v. Altec Indus., Inc.*, CV-00-B-368-S, (N.D. Ala. Mar. 26, 2002) afr'd (11th Cir. Apr. 15, 2003). The *Altec* opinion is completely consistent with this ruling. In *Altec*, the collective bargaining agreement provided that, "[a]ll matters connected with the payment of benefits and administration of the coverages afforded by the plans . . . shall be governed solely by the terms of such policies." *Id.* at 8. *(alteration in original)*. In *Altec*, the dispute was over the payment of prescription drug benefits. Consistent with the clear intention of the parties, Judge Blackburn found that the parties intended to exclude such a dispute from the arbitration provisions of the collective bargaining agreement.

Count I of the complaint will be dismissed; the USWA will be dismissed from Counts II through V of the complaint.

The final issue to be decided by this court is the request of Defendants to stay Counts II through V pending a resolution by arbitration of the issues raised in Count I. This court recognizes its authority to stay Counts II through V pending an outcome of the arbitration of Count I. In the event arbitration results in the coverage sought by the individual plaintiffs in the other counts,

the remainder of the litigation could prove less complicated or unnecessary. To await the outcome of arbitration, if it is conducted promptly, would save the individual plaintiffs both expense and time. For these reasons, as well as for the sake of judicial economy, Counts II through V will be stayed.

IV. CONCLUSION.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 16* of September, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE